**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| James A. Webber,<br><br>                Plaintiff,<br><br>v.<br><br>Mary Beth Dorn and Robert Lawton,<br><br>                Defendants. | Case No. 15-cv-3084 (DWF/HB)<br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

      Plaintiff James A. Webber alleges that Defendants Mary Beth Dorn and Robert Lawton discriminated against him on the basis of his disability, and possibly his race. Webber did not pay the filing fee for this action, but instead applied to proceed *in forma pauperis* ("IFP") [Doc. No. 2]. That IFP application is now before the Court and must be considered before any other action is taken in this matter.

      After review of Webber's IFP application, this Court concludes that Webber qualifies financially for IFP status.[1] That said, an IFP application will be denied, and the action dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a

---

[1] Webber failed to sign his IFP application or attest to the truthfulness of the information in that document, as required by 28 U.S.C. § 1915(a)(1). Because this Court recommends that the action be dismissed on the merits for failure to state a claim on which relief may be granted and due to the operation of judicial immunity, however, Webber's failure to sign his IFP application is moot.

complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Webber's complaint, despite being very short, is difficult to follow. According to the complaint, Webber suffers from hearing loss. Webber alleges that Defendant Mary Beth Dorn "violated [his] rights and that of [his] child by saying people with disabilities have no right in this country" and that "decisions have been made in a simple violation hearing based on sentiments rather than what the law says otherwise." (Compl. ¶ 7 [sic throughout] [Doc. No. 1].) A few additional allegations are also offered by Webber in an affidavit filed simultaneously with the complaint. In that affidavit, Webber states that Dorn (a Minnesota state judge) refused to find his ex-wife in contempt of court during custody proceedings. (Webber Aff. at 1 [Doc. No. 3].) Webber also attests that Dorn "became very abusive" during the contempt proceedings and ordered a court security officer to remove his hearing device. *Id*. Finally, Webber attests that Dorn "implicitly"

2

said that "People with Disability don't have Rights to access information to which they are part of" by denying his motion for a free transcript from the hearing." (*Id*.)

The bulk of Webber's allegations concern the conduct of Dorn during the state-court proceedings at issue in this litigation. Because Dorn is a judge, she is "entitled to judicial immunity if [she] has not acted in clear absence of all jurisdiction and if the act was a judicial one." *Grazzini-Rucki v. Knutson*, 597 F. App'x 902, 903 (8th Cir. 2015) (per curiam) (citing *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)). Webber does not allege that Dorn presided over the hearings "in clear absence of all jurisdiction," and so this Court will focus on whether the acts alleged to have been undertaken by Dorn are judicial in nature.

"To determine whether an act is judicial," this Court must consider "the 'nature of the function performed.'" *Id*. (quoting *Forrester v. White*, 484 U.S. 219, 229 (1988)). "An act is judicial if it is a function normally performed by a judge and the parties dealt with the judge in [her] judicial capacity." *Id*. (quotation omitted). There is no question that, based on the allegations in Webber's complaint and affidavit, Dorn was acting in a judicial capacity at the time of the alleged violations of law; she was presiding over a hearing in open court on motions brought by Webber. The specific actions complained of by Webber—conducting hearings, managing decorum in the courtroom, and denying formal requests for relief—are properly interpreted as judicial functions, not administrative or extrajudicial functions. And although Webber alleges that Dorn acted with personal animus towards him (on account of his disability or, perhaps, on account of his race), "[j]udicial acts do not 'become less judicial by virtue of an allegation of malice

3

or corruption of motive.'" *Id.* (quoting *Forrester*, 484 U.S. at 227). Accordingly, this Court concludes that Dorn is absolutely immune from suit, and that Webber's claims against Dorn should be dismissed with prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

Finally, even if Dorn were not protected by judicial immunity, this Court would conclude that Webber's complaint fails to state a claim upon which relief may be granted against Dorn. Simply put, Webber's complaint is too vague to establish a viable claim. Although Webber alleges that Dorn violated his rights "by stating people with disabilities have no right[s]," his affidavit makes clear that Dorn did not actually make any such statement; instead, Webber merely imputes such a motive from Dorn's denial of the motion for a free copy of the transcript. (Webber Aff. at 1 ("She implicitly did say that People with Disability don't have Rights to access information to which they are part of.").  Webber's conclusory allegations that Dorn denied his motions and acted with animus towards him on account of his status as an individual in a protected class are not entitled to the presumption of truth. *See Iqbal*, 556 U.S. at 679.

Webber attempts to sue not only Dorn in this action, but also defendant Robert Lawton. But Lawton is not even mentioned in the complaint, other than being listed as a defendant. Moreover, the only mention of Lawton in Webber's affidavit is that he was present at the hearing at which Dorn allegedly violated Webber's rights; it appears that Lawton may have represented Webber's ex-wife in the custody proceedings. (*See* Webber Aff. at 1.) There is no allegation or even a suggestion anywhere in the documents filed by Webber than Lawton himself has done anything unlawful. Accordingly, it is not clear why Lawton has been named as a defendant in this litigation.

4

Consequently, Webber has failed to state a claim upon which relief may be granted against Lawton, and this Court recommends that any claims against Lawton be dismissed without prejudice.

Finally, the Court notes that at the close of Webber's affidavit, he alleges he has been ordered to pay child support for his daughter out of his social security disability payments, in violation of federal law. (Webber Aff. at 2.) But Webber's complaint does not mention the issue of social security disability payments. In addition, he has not brought a claim against the Social Security Administration or the Commissioner of the Social Security Administration, and any claim that Dorn acted illegally by ordering unlawful child-support payments is foreclosed by judicial immunity, for the reasons explained above. Accordingly, this Court recommends that any possible claim regarding incorrect deductions from Webber's social security benefits be dismissed as insufficiently pleaded, brought against the incorrect parties, and foreclosed by judicial immunity.

For these reasons, this Court recommends that Webber's complaint be summarily dismissed under § 1915(e)(2)(B). Because any claims raised against Dorn based on the conduct alleged in the complaint are foreclosed by judicial immunity, this Court recommends that the claims against Dorn by dismissed with prejudice. *See Grazzini-Rucki*, 597 F. App'x at 903. The Court recommends that all other claims, including the claims against Lawton, be dismissed *without* prejudice for failure to state a claim on which relief may be granted. *See Holmseth v. City of East Grand Forks*, No. 14-CV-2970 (DWF/LIB), 2015 WL 4488424, at *20 (D. Minn. July 23, 2015) (noting that decisions from the Eighth Circuit generally favor dismissals for failure to state a claim to

5

be "without prejudice, at least where there is no evidence of persistent pleading failures.").

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This action be **SUMMARILY DISMISSED** under 28 U.S.C. § 1915(e)(2)(B), as follows:

    a. Claims against Defendant Mary Beth Dorn be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(iii); and

    b. Claims against Defendant Robert Lawton and any possible claim regarding incorrect deductions from Webber's social security benefits be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Plaintiff James A. Webber's application to proceed *in forma pauperis* [Doc. No. 2] be **DENIED**.

Dated: August 20, 2015        s/ *Hildy Bowbeer*
                              HILDY BOWBEER
                              United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.